DABNEY YOUNG v. MILLIE C. CLARK.

1. PLAINTIFF AVERRING CONCEALMENT OF PROPERTY BY DEFENDANT, WHO, ON MOTION TO DISCHARGE 'ATTACHMENT, DENIES TRUTH THEREOF, HAS BURDEN TO ESTABLISH AVERMENT.

An affidavit having been filed under R. S. 6523 (Gen. Code 10298) by defendant in support of a motion to discharge an attachment denying the truth of an averment contained in the affidavit upon which the attachment was issued that he has property and rights in action which he conceals, one of the grounds prescribed by R. S. 6489 (Gen. Code 10253), the burden is upon plaintiff to show by a preponderance of the evidence that his allegation in that behalf is true.

2. DEFENDANT'S AFFIDAVIT AVERRING UNTRUTH OF PLAINTIFF'S AVERMENTS FOR ATTACHMENT TREATED AS DENIAL.

An affidavit by defendant, averring that the affidavit of plaintiff upon which the attachment was issued is not true, must be accepted as a denial of the averment that the defendant has property and rights in action which he conceals.

Young v. Clark.

**3. EVIDENCE THAT DEFENDANT IS HEAD AND SUPPORT OF FAMILY GROUND FOR DISCHARGE OF ATTACHMENT.**

> Evidence by defendant that he is the head and support of a family is ground for a discharge of an attachment, where not met by evidence of greater weight offered by plaintiff.

SMITH, J.

The plaintiff in error seeks the reversal of a judgment of the court of common pleas affirming a judgment or order of a justice of the peace, overruling a motion filed by the plaintiff in error before the justice of the peace to discharge an attachment issued in an action brought by the defendant in error against the plaintiff in error, and also seeking the reversal of said order made by the justice refusing to discharge said attachment.

The action was one to recover $20.20 on an account for board and lodging, without alleging to whom the same was furnished. At the commencement of the action, an affidavit was filed by the plaintiff averring that the defendant was justly indebted to her for board and lodging; that said claim was just and that she believed that she ought to recover thereon $20.20; that the property sought to be attached is not exempt from execution; that it was the personal earnings of the defendant for services rendered by him within three months prior to the commencement of the action; that the defendant is not the head and support of a family, and has not in good faith the maintenance and support of a widowed mother, wholly dependent upon him for support; and that said defendant has property and rights of action which he conceals; and that the C., L. & N. Ry. has in its possession moneys, credits, etc., the property of the defendant.

Thereupon the defendant filed a motion to discharge the attachment on the grounds: First, that the affidavit on which it was allowed was insufficient and untrue; second, because the defendant is the head and support of a family; and third, because the money sought to be attached is the personal earnings of the defendant within the three months next preceding the commencement of the suit. He then filed an affidavit in support thereof, averring that he was the head of a family and not

the owner of a homestead, and that the property sought to be attached herein was the personal earnings of the said defendant within three months last prior to the commencement of the suit, and that the affidavit upon which said attachment issued is not true; that said earnings do not exceed the sum of $150, and are necessary for the support of himself and family; that he has a minor child, to wit, Lulu Young, aged six years, a widowed mother, to wit, Cordelia Young, also a sister who is a helpless invalid living at Edwards, Mississippi, all of whom he has been supporting in good faith.

At the hearing of the motion to discharge the attachment no evidence was offered on behalf of the plaintiff, other than the original affidavit filed by her for issuance of the attachment, while the defendant offered his affidavit filed in support of the motion, and an affidavit of a witness, and the deposition of two witnesses residing in Mississippi, showing that the defendant was the father of a minor daughter between six and seven years old, who lived part of the time with the mother of defendant in that state, and that an invalid sister resided also with his mother, who was a widow, and that all three of these persons were dependent upon the defendant for support, except that the mother drew a pension of $8 per month, and that the defendant contributed to the support of the three as much as he was able whenever he was paid off. This was all the evidence received, and thereupon the justice overruled the motion to discharge the attachment, to which the defendant excepted and a bill of exceptions was allowed containing all of the evidence, and a proceeding in error prosecuted.

On this state of fact, there can be no question but that if the facts stated in the affidavit of the plaintiff for the attachment were not sufficient to justify the issuance of it, or the essential allegations thereof were denied by the defendant, that the motion of the defendant should have been granted, unless additional evidence had been offered on the part of the plaintiff supporting the essential statements of her affidavit, or the defendant by his evidence showed that they were true.

The ground upon which the affidavit issued in this case,

### Young v. Clark.

was that the defendant had property and rights in action which he concealed. Unless this allegation was made, the attachment could not properly have been issued, and if denied by affidavit of the defendant the motion to discharge the attachment should have been granted, unless evidence was offered showing its truth on the hearing of the motion to discharge; for when the affidavit of the defendant denies such allegation, the burden rests upon ·the plaintiff to show by the preponderance of the evidence that her allegation was true, and there being a single affidavit on this point on each side, it can not properly be said that she did so.

The question then is this: Was this allegation denied by the affidavit of the defendant? The affidavit filed by him admits the allegation made in that of plaintiff, that the property sought to be attached was his personal earnings for services rendered by him within the three months immediately prior to · the commencement of the action. It then denies the allegation of plaintiff's affidavit that defendant was not the head and support of a family, by averring that he is the head and support of a family; that he has a minor child, Lulu Young, aged six years, and a widowed mother and a helpless sister, all of whom he has been supporting in good faith, and he also avers these earnings sought to be attached do not exceed $150 in value. He also makes this additional averment, that the affidavit upon which said attachment issued is not true. If this last averment is to be considered as denying the allegation of plaintiff's affidavit, that he has moneys and rights in action which he conceals, this is decisive of the case, on the principles before stated, for being denied the plaintiff offered no other evidence in support of his allegation, and the attachment should have been discharged by the court. The affidavit of the defendant is very inartistically drawn but we are of the opinion that it is to be considered as a denial of this allegation, and therefore that the attachment should have been discharged.

This being so, it is not essential that we consider another question which arises, but we do so briefly. R. S. 6489 in clause 9 provides, "that no attachment shall issue by virtue of this

chapter against the personal earnings of any defendant for services rendered by such defendant within three months before the commencement of the action or the issuing of the attachment, unless the defendant is not the head or support of a family, or unless the amount of such earnings exceeds $150, and then only as to the excess over that amount.''

It is conceded by the affidavits that the property attached in this case is such personal earnings of the defendant for the three months preceding the commencement of the proceedings in attachment, and that the amount is less than $150. The plaintiff in her affidavit says that the defendant is not the head or support of a family, and the defendant in his affidavit avers that he is, and further avers that such earnings are necessary for the support of himself and family, and that he has a minor child, Lulu, six years old, and a widowed mother and a helpless invalid sister, all of whom he is aiding and supporting in good faith.

R. S. 6489 (Gen. Code 10253), under which this proceeding is brought, in effect exempts the personal earnings of the debtor for the three months before the attachment proceedings not exceeding $150, when the defendant is the head or support of a family, or has in good faith the maintenance and support of a widowed mother, wholly dependent upon him for support. The evidence submitted by defendant, shows that the mother is not wholly dependent upon him for support, though he does aid her and his helpless sister. But the affidavit of the defendant, as has been said, avers that he is the head and support of a family, having a minor child, and the evidence offered by him supports this claim, and there is no evidence of plaintiff other than her own affidavit to dispute it. As the burden was on her to support her allegations and she failed to produce it, on this ground, also, the attachment should have been discharged.

The judgment of the justice of the peace therefore refusing to discharge the attachment, and that of the common pleas affirming it, will be reversed.

**Giffen** and **Swing, JJ.,** concur.